ERWIN ZEYSING *v.* JOHN H. WOLFE.

**Vendor and Purchaser—Parol Sale of Lands.**

A parol sale of land, must be supported by uncontradicted evidence of an absolute barter, to overcome the statute of frauds.

APPEAL FROM SCOTT CIRCUIT COURT.

September 13, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

Appellant brought this action to recover a house and lot in Georgetown, of the appellee.

That he was once the owner of the property and held the legal title to it when he brought his action, is not controverted in the answer, but appellee claims to have purchased it from him at the price of $1500, and to have paid him for it; holding the affirmative of the issue, it devolved on appellee to make out his alleged contract of purchase by proof.

He produced no written evidence of any contract for the alleged

sale, nor does he assert that any writing to that effect ever existed, and the only evidence he has offered to sustain his claim, is the testimony of two witnesses. First that of Edmund Jones as to his recollection of a conversation he had with appellant in the summer of 1847, on the subject of the sale of the property to appellee. The substance of which is that as appellant was driving some sheep home from one, Heidleburg's he called at the house of witness and he asked him what he had done with Henry, meaning appellee, and that he said to him he ought to give him his old stand, when appellant remarked to him, that Henry was doing better than he was, that he had sold him the porperty and Henry had nearly paid him for it, that he was making it easy with him by taking things from him that he was bringing on and allowing him a profit on them. And although he stated that he never forgot business transactions, nor any thing he had been told of, he could not remember what appellee was to pay for the property, and the nearest he could come to it, was that it was not less than one thousand, nor more than 'fifteen hundred dollars.

And second, of Charles A. Douglass, who states that in 1847 or 1848, when a stable was burned back of the shop lot adjoining his father's dwelling, after the fire was over, appellant remarked, in the presence of himself and three others, all of whom are dead, but himself, that he did not care much about the burning, that he had sold the house he owned to appellee, and did not own any property in Georgetown then.

Besides the questionable character of the witness Jones, his statements are in conflict with the history of the purchase given by appellee himself. He says he made it in the latter part of the year 1847, and was by the terms of the contract, to pay the money at such times and in such sums as his means and circumstances might enable him to do; and that he continued to make payments according to said contract up to 1852, in which year he completed the payment of the entire price. If the purchase was made the later part of the year, it must have been after the time when Jones says he had the conversation, Jones says the payments were made in goods, and appellee says it was in such *sums* as he was able to pay and of course it was in money. But Mersher proves that he and one of the sons of appellant brought the sheep from Heidleburg's. And no witness

proves the admission by appellant of the payment of any part of the purchase money, but Jones, and there is no direct evidence of any payment having been made. Douglass only heard him say he had sold the property, but heard nothing said about any payments having been made. So that even if the parol contract for the sale be regarded as made out by the evidence, all that is said about the payment of the price is vague, uncertain and wholly unreliable. But the statements and conduct of appellee in relation to the property, as proved by appellant, are inconsistent with the existence of a purchase by appellee, and repel any such conclusion. And when that evidence is considered in connection with other facts, such as that appellant continued after 1847, regularly to list the property for taxation with the county and town assessor, and to pay the taxes for the same— neither of which appellee ever did—and the receipts filed with the deposition of Samuel Cody, former marshal of Georgetown, executed by him to appellant for the years 1856 and 1857, for his town taxes for these years, the one for 1856 showing on its face and reciting that the money was paid by the hands of appellee. Appellant claimed no other property in the town but that now in dispute, appellee knew it, paid no tax on it himself, and after having taken the receipt, doubtless handed it to appellant without questioning his right to the property, and this four years after he claims to have paid him all the purchase money. Nor does this record furnish any evidence that appellee ever claimed the property as his own, or to hold it adverse to appellant, until about the time the notice to quit was executed on him, certainly there is no evidence that appellant was apprised of such a holding.

If such evidence as is relied upon in this case, repelled as it is by strong presumptions, if the frail memories of one or two witnesses of fugitive remarks in an accidental conversation, detailed twenty years after they are uttered, shall be adjudged sufficient to overturn legal titles and change estates, the statute against frauds and perjuries is a vain enactment, affording no protection to owners of real estate, and the laws for the regulation of conveyance and the preservation of titles, useless encumbrances on the statute books.

The evidence, in our judgment, is insufficient to sustain the claim of appellee to the house and lot sued for, consequently we

do not concur in the conclusion to which the circuit judge arrived.

Wherefore the judgment is reversed and the cause is remanded with directions to render judgment in favor of appellant against appellee for the purchase, in the petition described. And as it is apparent from the evidence that the rents would be quite sufficient to off-set any ameliorations to the property made by appellee, even if they were such as he has shown himself entitled to pay for, no account of improvements and rents need be taken, but appellant will be entitled to rent from the date of his notice to quit—and for further proceedings consistent herewith.

*Prewitt,* for appellant.

*Polk, Duvall,* for appellee.